UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRANVILLE S. WATSON,
    *Plaintiff*,

v.

STATE OF CONNECTICUT *et al.*,
    *Defendants*.

No. 3:20-cv-00544 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Granville Watson has filed this lawsuit *pro se* and *in forma pauperis* against the State of Connecticut, the Connecticut Superior Court, and the police department in Manchester, Connecticut. He alleges that he was subject to false arrest and malicious prosecution. Because it appears that none of the entities he names as defendants is properly subject to a lawsuit and because it appears that the statute of limitations has long since elapsed, the Court issues this order to show cause to permit Watson to show why the complaint should not be dismissed.

BACKGROUND

The following facts are taken from Watson's complaint and are deemed true for the purposes of this ruling. Watson was arrested on the basis of fabricated evidence or charges by unnamed members of the Manchester police department on three occasions: October 1991, January 1995, and September 1998. Doc. #1 at 8-9. The 1991 and 1998 arrests led to convictions and sentences for a total of eight years. *Ibid*.

Watson ultimately received a pardon in 2011. *Id*. at 9. He now files this action against the State of Connecticut, the Connecticut Superior Court, and the Manchester police department for "wrongful arrest and conviction and false reporting by police and state officials." *Id*. at 3. He seeks $5.4 million in compensatory damages for his years of wrongful imprisonment. *Id*. at 5.

1

**DISCUSSION**

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," or if it otherwise "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed pursuant to section 1915(e)(2)(B) not only if it manifestly fails to state a valid claim for relief but also if it indisputably alleges a cause of action that is time-barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995).

If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Watson may respond.

*Amenability of defendants to suit*

It appears that none of the defendants named by Watson may be subject to his lawsuit for money damages in federal court. The State of Connecticut is immune from a damages suit in federal court absent its consent or waiver of sovereign immunity. *See Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193

(2d Cir. 2015). Because there is no sign that the State of Connecticut has consented to this lawsuit, Watson may not proceed against the State of Connecticut. *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).

As for Watson's claims against the Superior Court, the Superior Court is part of the Connecticut Judicial Branch, which—like the State of Connecticut—is protected by sovereign immunity. *See Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014). As for Watson's lawsuit against the Manchester police department, it is well established that a police department is not an independent legal entity that may be subject to suit in federal court for a violation of federal constitutional rights. *See, e.g., Watrous v. Town of Preston*, 902 F. Supp. 2d 243, 255 (D. Conn. 2012); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005).

### *Statute of limitations*

Even assuming that any of the named defendants were subject to suit, Watson's complaint against the defendants also appears to be barred by the statute of limitations. In Connecticut, a civil rights claim under 42 U.S.C. § 1983 is subject to a three-year statute of limitations. *See, e.g., Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). The complaint was filed in April 2020, but it does not allege that any of the misconduct by any of the named defendants that led to Watson's imprisonment occurred within the past three years. If he was pardoned for his convictions in 2011, Watson would have to have filed this lawsuit at the least within three years of his pardon by 2014. *Cf. Spak v. Phillips*, 857 F.3d 458, 465-66 (2d Cir. 2017).

Watson alleges more recent misconduct by unnamed "state officials" who harmed his effort to obtain a job by falsely advising the State of Maryland that Watson had criminal convictions. Doc. #1 at 7. But this claim of wrongdoing is distinct from any wrongdoing that led

3

to Watson's imprisonment. It is not part of a continuing course of conduct that might otherwise extend the calculation of the limitations period. *See, e.g.*, *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009). Therefore, these additional allegations cannot serve to render Watson's suit timely.

Even if I were to treat these Maryland-job-application allegations as a separate lawsuit (disregarding the time-barred claims), Watson has not alleged specific facts identifying any of the state officials who engaged in this misconduct or identifying the dates when this alleged wrongdoing occurred that involved the furnishing of false information to the State of Maryland. Watson's complaint cannot proceed on the strength of these bare-bones allegations. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation").

## CONCLUSION

For the reasons stated above, it appears that Watson's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). If Watson has grounds to show why his complaint should not be dismissed, he may file a response to this order to show cause by **June 27, 2020**.

It is so ordered.

Dated at New Haven this 19th day of June 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge